UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT RANDOLPH,<br><br>  Petitioner,<br><br>  v.<br><br>J. SCHULTZ,<br><br>  Respondent. | Case No. 25-cv-02895-JD<br><br>**ORDER REOPENING CASE AND RE DISMISSAL** |

Robert Randolph, a state prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case was dismissed without prejudice when petitioner failed to pay the filing fee or submit a complete application for leave to proceed in forma pauperis. Petitioner has now paid the filing fee. The case is reopened, and the Court will review the petition. Petitioner was convicted in Sonoma County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d).

## BACKGROUND

A jury found petitioner guilty of two counts of first-degree murder, one count of attempted murder, and several special circumstances and sentencing enhancements. *People v. Randolph*, No. A166813, 2024 WL 4159151, at *1 (Cal. Ct. App. Sep. 11, 2024). He was sentenced to life sentences for each murder, and 82 years to life for the attempted murder and enhancements. *Id*. The California Court of Appeal affirmed the conviction. *Id*. The California Supreme Court denied review. Dkt. No. 9 at 6. A habeas petition to the Sonoma County Superior Court was denied. *Id*.

## DISCUSSION

### STANDARD OF REVIEW

The Court will hear a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner says that: (1) his sentence is illegal; (2) he is actually innocent; (3) counsel was ineffective; (4) the prosecutor committed misconduct; (5) the trial court erroneously admitted false evidence; (6) judicial misconduct; (7) he was denied the ability to present a complete defense; and (8) cumulative error. Dkt. No. 9 at 2, 12-41.

The only claims presented on direct appeal to the California Court of Appeal argued that there was an improper jury instruction concerning an in-custody witness and there was cumulative prejudice. *Randolph*, 2024 WL 4159151, at *3-4. It is not clear what claims were presented to the California Supreme Court and petitioner indicates that the only state habeas petition was filed in the superior court. Dkt. No. 9 at 6.

Before he may challenge either the fact or length of his confinement in a habeas petition in this Court, petitioner must present to the California Supreme Court any claims he wishes to raise in this Court. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) (holding every claim raised in federal habeas petition must be exhausted). The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *Id*.

In *Rhines v. Weber*, 544 U.S. 269 (2005) the United States Supreme Court found that a stay and abeyance of a federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or

claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Id*. at 277-78.

The petition is dismissed with leave to amend. In an amended petition, petitioner must indicate what claims were exhausted by being presented to the California Supreme Court. If he seeks to exhaust further claims, he may file a motion for a stay addressing the *Rhines* factors.

## CONCLUSION

1. The Clerk is requested to reopen this case.

2. The petition is dismissed with leave to amend. An amended petition or motion for a stay must be filed within twenty-eight (28) days of the date this order is filed and must include the caption and civil case number used in this order and the words amended petition or motion for a stay on the first page. Failure to file an amended petition or motion for a stay may result in the dismissal of this action.

3. It is the petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: July 8, 2025

_____
JAMES DONATO
United States District Judge